IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:19-cv-103-D

| | |
|---|---|
| JOSHUA TAVENEY,<br><br>                Plaintiff,<br>v.<br>INTERNATIONAL PAPER COMPANY,<br>                Defendant.<br>INTERNATIONAL PAPER COMPANY,<br>      Third-Party Plaintiff,<br>v.<br>THOMAS INDUSTRIAL MECHANICAL<br>CONSTRUCTORS, LLC,<br>      Third-Party Defendant. | **CONSENT PROTECTIVE ORDER** |

    THIS MATTER comes before the Court upon application of the parties for entry of a Consent Protective Order; and it appearing to the Court for good cause shown that discovery and the trial of this action may involve the production and disclosure of confidential and proprietary information such that the entry of this Consent Protective Order providing protection against unrestricted disclosure or use is appropriate;

    THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall apply and govern in this case:

    1.  Certain information and documents to be produced by the parties during discovery in this litigation contain protected, proprietary, or confidential information that would cause harm if disclosed and should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

    2.  The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order (this "Order") shall be all those documents or information designated by one or more of the parties as CONFIDENTIAL in accordance with the terms of this Order, whether such documents or information are supplied in response to the demands or requests of either party, formal or informal, and regardless of whether produced or disclosed by a party or by any person or entity presently or formerly affiliated with a party.

3. Parties producing documents under this Order may redact protected, privileged, or proprietary information of persons who are not parties to this litigation, and may redact banking information and the first five digits of any Social Security Number of any person, before producing documents to any other party.

4. All documents or information designated CONFIDENTIAL in accordance with the terms of this Order shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose. Documents or information, however, which are in or can be obtained from the public domain, even if they are the same as or similar to documents or information designated under this Order as CONFIDENTIAL, shall not be subject to the terms of this Order.

5. The parties shall designate documents or information as CONFIDENTIAL by marking documents with the legend "CONFIDENTIAL," "TRADE SECRET" or by stating on the record (as in a deposition) or in writing (as in correspondence from counsel containing such information) that information is designated as CONFIDENTIAL. As used in this Order, the term "Confidential Information" shall refer to any documents or information so designated as CONFIDENTIAL.

6. The parties and their attorneys shall treat such Confidential Information as confidential and shall not disclose such information, in any form, except for purposes of this lawsuit and then only to persons to whom such documents must be disclosed.

7. It is understood that none of the parties, their attorneys, nor any person employed by them obtains any right to license or to use Confidential Information received in this litigation other than for purposes of this litigation.

8. Any person or entity that is affiliated with either party that produces Confidential Information in response to a discovery request or subpoena in this action shall be a third party beneficiary of this Order and may pursue all remedies available for breach thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

9. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (1) is relevant and subject to discovery; (2) is or is not confidential or proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

10. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by Order

57134898.v1

of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including the opportunity for hearing and presentation of evidence, should the Court so decide.

11.     The parties and their attorneys shall advise any representative or consultant having access to Confidential Information provided pursuant to this Order that said representatives or consultants shall be bound by this Order, and shall require any third-party consultants execute an agreement to be bound by this Order in writing.  All such consultants shall, upon conclusion of this litigation, destroy all documents designated as Confidential Information.

12.     Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

13.     Unless otherwise ordered by the Court, any original materials or duplicates, including tapes, discs, and photographs, identified by any party as "CONFIDENTIAL," shall within sixty days (60) days after the conclusion of this action by settlement or final judgment, be returned to the party producing such documents or information.

Dated:  January 19, 2021

_Robert T. Numbers II_
_____
Robert T. Numbers, II
United States Magistrate Judge

WE CONSENT:

/s/ Brett Dressler (with permission)
Brett E. Dressler
Attorneys for Plaintiff


/s/ Scott Lewis
Scott Lewis
Diane Pappayliou
Attorneys for Defendant

/s/ Jennifer A. Welch (with permission)
Jennifer A. Welch
R. Robert El-Jaouhari
Attorneys for Third-Party Defendant

57134898.v1